UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

HERIBERTO VELEZ,

Debtor.

**FOR PUBLICATION**

Case No. 19-10564
Chapter 7

# MEMORANDUM OPINION AND ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO REOPEN CASE

*A P P E A R A N C E S:*

TOGUT, SEGAL & SEGAL LLP
*Proposed Attorneys for Albert Togut, Not
Individually, But Solely in His Capacity as the
Former Chapter 7 Trustee of Heriberto Velez*
One Penn Plaza
Suite 3335
New York, New York 10119
By:    Neil Berger, Esq.
       Amanda C. Glaubach, Esq.

BRUCE H. GOLDBERG
*Attorney for Debtor*
272 East 149th Street
Bronx, NY 10451
By:    Bruce H. Goldberg, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Albert Togut, not individually, but solely in his capacity as the former Chapter 7 Trustee ("Applicant" or "Trustee") of Heriberto Velez ("Debtor"), filed an application ("Application," ECF Doc. # 12) to reopen this chapter 7 case pursuant to section 350(b) of Bankruptcy Code and Bankruptcy Rules 5010 and 9024. The Application also requests that the United States Trustee promptly appoint a Chapter 7 trustee after the case is reopened. The request to reopen the case is based on the disclosure to the Trustee by the Debtor's personal injury attorney, after the chapter

7 case was closed, that the Debtor was and is a plaintiff in a prepetition personal injury case that the Debtor failed to disclose in his schedules or during the 341 meeting. No objections were filed to the Application and, at the hearing on the Application on August 21, 2019, the Debtor's attorney consented to the granting of the Application.

For the reasons discussed below, the Application is **GRANTED.** Because the case will be reopened, the discharge entered before the case was closed must also be **VACATED.**

## I.  BACKGROUND

On February 23, 2019, the Debtor filed a voluntary Chapter 7 petition. ("Petition," ECF Doc. # 1.) The Debtor's Schedules and Statements of Financial Affairs did not disclose the Debtor's personal injury action (discussed below), nor did they request any exemption on account of it.

The Trustee recently learned about the Debtor's personal injury action that seeks to recover damages related to personal injuries suffered before the bankruptcy case was filed ("Personal Injury Action"). (Application ¶ 1.) The Debtor did not disclose either the Personal Injury Action or his claims for damages in the documents filed with his petition. (*Id.* ¶ 2.)

The Trustee recently learned that recovery in the Personal Injury Action could exceed the fees and expenses of special counsel prosecuting the Personal Injury Action in addition to any exemption sought by the Debtor. (*Id.* ¶ 3.) Therefore, the Trustee seeks to reopen the chapter 7 case to monitor and administer the Debtor's claims in the Personal Injury Action. (*Id.* ¶ 4.)

The Trustee conducted the 341(a) creditors' meeting on March 27, 2019. (*Id.* ¶ 9.) The Trustee reviewed the schedules and questioned the Debtor at the meeting, but the Debtor did not disclose the existence of the Personal Injury Action. (*Id.* ¶ 10.) Based upon the information available to the Trustee following the 341 meeting, the Trustee filed a Report of No Distribution,

2

and an Order of Discharge and Final Decree was entered on March 28, 2019. (*Id.* ¶ 10.) The Debtor's case was closed as a no asset case on June 21, 2019. (*Id.*)

Since the dismissal of the Debtor's case, the Debtor's attorney in the Personal Injury Action advised the Trustee of the Debtor's Personal Injury Action Claim—and of the fact that the claim could have value in excess of the fees and expenses of special counsel and any exemption the Debtor may claim. Considering this new information, the Trustee seeks to reopen the Debtor's bankruptcy case to monitor the Personal Injury Action and administer any non-exempt proceeds. (*Id.* ¶ 11.)

## II.    LEGAL STANDARD

Velez's prepetition personal injury claim became property of the chapter 7 bankruptcy estate when the bankruptcy petition was filed even though the Debtor failed to disclose the personal injury case. The bankruptcy court for the Eastern District explained:

> When an action is not disclosed by the debtor, it remains property of the bankruptcy estate even after the case is closed—indeed, unless it is administered or abandoned by the trustee, the action remains property of the estate forever. As explained by the Second Circuit, [w]hile properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed.

*In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011) (internal quotation marks and citations omitted); *see Chartschlaa v. Nationwide Mutual Ins. Co.,* 538 F.3d 116, 122 (2d Cir. 2008).

A personal injury action remains property of the estate and therefore precludes the debtor from pursuing the claim on his own behalf. *See 123 Cutting Co. v. Topcove Assocs.,* 770 N.Y.S.2d 365, 365 (N.Y. App. Div. 2d Dep't 2003). If the bankruptcy case is reopened,

3

however, the trustee may pursue the action for the benefit of the estate. Whether the debtor may recover any surplus remains an open question.[1]

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). A party seeking relief from an order closing a chapter 7 case may do so pursuant to Bankruptcy Rules 5010 and 9024, which implement Rule 60 ("Rule 60") of the Federal Rules of Civil Procedure.

Bankruptcy Rule 5010 provides:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interest of creditors and the debtor or to insure efficient administration of the case.

FED. R. BANKR. P. 5010.

Bankruptcy Rule 9024 and Rule 60 provide the Court with wide discretion to reopen a chapter 7 case to facilitate a distribution and for "any other reason that justifies relief." F. R. CIV. P. 60(b)(6). Rule 60 provides, in pertinent part:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On Application and just terms, the Court may relieve a party or its representative from a final judgment, order, or proceeding for the following reasons . . .
>
> (6) any other reason that justifies relief.

F. R. CIV. P. 60(b).

---

[1] "Even when a bankruptcy case is reopened, the schedules are amended, the trustee is substituted as plaintiff, the action is pursued, and a recovery is obtained, there is no guarantee that a debtor will enjoy any benefit whatsoever. The trustee brings the action on behalf of the estate, and proceeds must first go to pay the trustee's expenses and the creditors' claims. And if surplus funds remain after these expenses and claims are paid, then a debtor's entitlement to it may be subject to judicial estoppel or other equitable defenses." *In re Arana*, 456 B.R. at 171 (internal citations omitted).

4

Rule 60(b) aims to strike a balance between "serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from an order under Rule 60(b) is addressed to the discretion of the court." *In re Silber*, Case No. 08-40000 (MG), 2009 WL 2902571, at *2 (Bankr. S.D.N.Y. June 10, 2009); 11 MOORE'S FEDERAL PRACTICE § 2857 (2d ed. 1995). Moreover, a court's discretion is particularly broad under Rule 60(b)(6), which gives the court a "grand reservoir of equitable power to do justice in a particular case." *In re Enron Creditors Recovery Corp.*, Case No. 01-16034 (AJG), 2009 WL 3756951, at *3 (Bankr. S.D.N.Y. Nov. 6, 2009); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977). The underlying purpose of Rule 60(b)(6) is "to do justice in a particular case when relief is not warranted by the preceding clauses" of Rule 60(b). *In re AMC Realty Corp.*, 270 B.R. 132, 143 (Bankr. S.D.N.Y. 2001) (citing *Transaero, Inc. v. LA Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994)).

Bankruptcy courts have broad discretion to determine what constitutes cause for reopening a bankruptcy case. *In re Rosillo*, Case No. 07-11103 (MG), 2007 WL 2230765 (Bankr. S.D.N.Y. July 31, 2007). "What constitutes 'cause' is not defined and lies primarily within the discretion of the district judge . . . ." *Bartle v. Markson*, 357 F.2d 517, 523 (2d Cir. 1966). "The court can consider 'numerous factors, including equitable concerns and ought to emphasize substance over technical considerations.'" *Rosillo*, 2007 WL 2230765, at *2 (quoting *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991)).

When a bankruptcy court exercises its broad discretion to reopen a case under Rule 60(b)(6), "it is necessary to consider whether the likelihood of distributions to unsecured creditors, and/or avoidance of the arguable forfeiture, provides a basis for invocation of Clause (6) . . . ." *In re AMC Realty Corp.*, 270 B.R. 132, 143 (Bankr. S.D.N.Y. 2001) (concluding that

5

the court should also examine whether extraordinary circumstances or undue hardship are present). As explained by the court in *Arana*,

> [w]hen deciding whether to reopen a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors. Additional factors include the availability of relief in another forum, whether the estate has been fully administered, and the length of time between the closing of the case and the motion to reopen.

*In re Arana*, 456 B.R. at 172 (internal quotation marks and citations omitted).

The "[f]undamental purpose of bankruptcy law is to place the property of the bankrupt, wherever found, under the control of the court, for equal distribution among the creditors." *In re QC Piping Installations, Inc.*, 225 B.R. 553, 564 (Bankr. E.D.N.Y. 1998). "One of the Bankruptcy Code's main purposes . . . is to convert the bankrupt's estate into cash and distribute it among creditors." *In re Saint Vincents Catholic Medical Centers of New York*, 429 B.R. 139, 146 (Bankr. S.D.N.Y. 2010); *Douglas v. Stamco*, 363 Fed. App'x. 100, 102 (2d Cir. 2010) (stating that maximizing the value of assets and potential recovery to the creditors is a core aim of the Bankruptcy Code); *see also Toibb v. Radloff,* 501 U.S. 157, 163 (1991) (recognizing that the Bankruptcy Code's general policy is "maximizing the value of the bankruptcy estate").

### III.    DISCUSSION

The Debtor's previously undisclosed, prepetition, personal injury claim provides "cause" to reopen the Debtor's chapter 7 case under section 350(b). The Debtor's chapter 7 case was filed on February 23, 2019 and closed on June 21, 2019. Very little time has elapsed since the filing, closing and motion to reopen the chapter 7 case, so no one can claim any substantial prejudice if the chapter 7 case is reopened now so that a trustee may pursue the personal injury case.

6

Case law supports the standing of a former chapter 7 trustee to seek to reopen a closed case based upon the possibility that the trustee could realize assets for the estate by pursuing potential causes of action. In *In re Winebrenner*, the bankruptcy court granted a chapter 7 trustee's motion to reopen a case, finding that the former chapter 7 trustee had standing and that there was sufficient cause to reopen the case to permit the trustee to pursue a previously undisclosed litigation commenced by the debtor. *In re Winebrenner*, 170 B.R. 878, 881 (Bankr. E.D. Va. 1994). The chapter 7 case had been closed following the trustee's report of no distribution. After learning of the prepetition litigation claim, the trustee moved to reopen the bankruptcy case. The Court found that the trustee was a proper party in interest who could move to reopen under section 350(b). *Id.* at 881.

In support of its decision, the *Winebrenner* court quoted from *In re Stanke*:

> The trustee is obligated to administer the estate which includes the obligation to collect property and to investigate the debtor's affairs. Section 704 of the Code. As one of the few persons informed as to the case, the trustee is a natural person to hold and to exercise the power to move to reopen if his duty is unfinished.

*Id.* at 881 (quoting *In re Stanke*, 41 B.R. 379, 381 (Bankr. W.D. Mo. 1984.)); *see also In re Sweeney*, 275 B.R. 730, 734 (Bankr. W.D. Pa. 2002) (holding that a trustee had standing to move to reopen a case under section 350(b))*;but see In re DeLash*, 260 B.R. 4, 6 (Bankr. E.D. Ca. 2000) (concluding that that the trustee did not have standing but recognizing contrary authority). The Court concludes that the reasoning of the *Winebrenner* court is more persuasive, and therefore, the Court concludes that the former trustee has standing to seek to reopen the case, and good cause has been established for doing so. As always, the U.S. Trustee will decide whom to appoint as the chapter 7 trustee in the reopened case. Additionally, since the Debtor's chapter 7 case will be reopened, the Debtor's discharge entered on March 28, 2019 must be vacated.

7

## IV.     CONCLUSION

For the reasons explained above, the Trustee's Application to reopen the case is **GRANTED.**  The U.S. Trustee shall promptly appoint a case trustee in the reopened case.  The Debtor's discharge entered on March 28, 2019 is **VACATED.**

**IT IS SO ORDERED.**

Dated:    August 21, 2019
          New York, New York

                              ___*Martin Glenn*_____
                              MARTIN GLENN
                              United States Bankruptcy Judge